# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

No. 07-20329

ICE EMBASSY INCORPORATED; TEXAS RICHMOND CORPORATION; HFR ENTERPRISES INCORPORATED; DWG FM, INCORPORATED; D RANKIN, INCORPORATED; W L YORK; STUDEMONT VIDEO; EASTEX VIDEO; 24 HOUR NEWS AND VIDEO EMPORIUM; AIRLINE VIDEO AND THAI COMPANY; DHR INCORPORATED; SUGAR'S CABARET; CHIL SOUNG INCORPORATED, doing business as BJ's 24 Hour Newsstand; DARIS INCORPORATED, doing business as Riveria Cabaret; GNCD INCORPORATED, doing business as Fantasy South; RUDE DOG II INCORPORATED, doing business as Scores Cabaret; LONE STARR MULTI THEATRES INCORPORATED, doing business as Cinema West; AVW INCORPORATED, doing business as Adult Video Megaplexxx; CLMS INCORPORATED, doing business as 24 Hour Video & News; 9834 JENSEN INCORPORATED, doing business as Harlem Knights; 8503 NORTH FREEWAY INCORPORATED, doing business as Fantasy Cabaret; LONG TRAN, doing business as Ellington Newsstand; NIEN X NGUYEN, doing business as DT Video; AKM INCORPORATED, doing business as Gigi's Cabaret; DHR INCORPORATED, doing business as Hi-10 Cabaret; PANAH INC, doing business as Mirage Cabaret; R&R ENTERTAINMENT INCORPORATED, doing business as Moments Cabaret; SSD ENTERPRISES INCORPORATED, doing business as Ritz Cabaret; HHE INCORPORATED, doing business as Passion Cabaret; HOUMAN SHAGHAGI, doing business as Foxxy's Cabaret; SOUTHEAST TEXAS VENTURES, a Texas Joint Venture, doing business as The Trophy Club; KMRC INCORPORATED, doing business as LaChatte; ARIS MYLONAS, doing business as Baby Dolls Saloon; M K CLUB & RESTAURANTS INCORPORATED, doing business as Moulin Rouge; 10128 TDC 1 INCORPORATED, doing business as Texas Dolls Cabaret; OBSESSION CABARET INCORPORATED, also known as Obsession Cabaret Inc, doing business as Obsession Cabaret Incorporated; GINO A BARONE, doing business as Ban Management Company, doing business as Telephone Road News & Video, also known as Consolidated Video, doing business as Hillcroft News & Video; AHD HOUSTON INCORPORATED, a Texas Corporation, doing business as Centerfolds ("Centerfolds"); DNW HOUSTON INCORPORATED; TRUMPS INCORPORATED, a Texas Corporation, doing business as Rick's Cabaret;

ANDREW SEFIA, and others similarly situated, doing business as Rumors; D HOUSTON INCORPORATED, a Texas Corporation, doing business as Treasures; RICK'S CABARET; RICK'S SPORTS CABARET; XTC NORTH

Intervenor-Plaintiffs - Appellants

6340 WESTHEIMER INC, doing business as Allstars, as successor in interest to Aris Mylonas

Appellant

v.

CITY OF HOUSTON

Intervenor Defendant - Appellee

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:97-CV-196

---

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case was remanded to determine whether the City of Houston ("the City") could demonstrate that its 1997 ordinance regulating sexually-oriented businesses ("SOBs") did not seek to reduce the secondary effects of SOBs "by depriving SOBs of reasonable avenues of communication." N.W. Enters., Inc. v. City of Houston, 352 F.3d 162, 183 (5th Cir. 2003) (citing City of Los Angeles v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alameda Books, Inc., 535 U.S. 425, 451 (2002)). Following a ten-day bench trial, the district court found that the City had carried its burden. See Ice Embassy, et al. v. City of Houston, No. 4:97-CV-196, 2007 U.S. Dist. LEXIS 6894, at *63–65 (S.D. Tex. Jan. 31, 2007). Certain SOBs appealed and we heard oral argument. We now AFFIRM the district court's finding, essentially for the reasons articulated by the district court in its opinion below.